## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

**EARL MITCHELL**                                                          **PLAINTIFF**

**VS.**                                              **CIVIL ACTION NO. 3:04CV635BS**

**ARMED M. ZEIN**                                              **DEFENDANT**

### ORDER

This matter came before the court on the Suggestion of Death filed by the Defendant, in which he has notified the court that the Plaintiff, a former inmate in the custody of the Mississippi Department of Corrections, has died, and the Defendant has asked the court to dismiss this action for that reason. The Suggestion indicates that the Plaintiff has no close family relations who might move to be substituted in his place, as provided by Fed. R. Civ. P. 25(a)(1). Nonetheless, as this is the only grounds urged for dismissal, and as the right of substitution exists for ninety days after the Suggestion of Death is filed, the court will hold this case open for that length of time, after which it will likely be dismissed.

Although it is highly probable that this case will be dismissed, its history is troubling. Earl Mitchell filed his lawsuit on August 16, 2004, claiming inadequate medical care while he was housed at the Central Mississippi Correctional Facility, where Dr. Zein was the medical director. (Mitchell was later moved to the East Mississippi Correctional Facility, where he died.) A summons was issued for Dr. Zein on October 1, 2004, but was returned unexecuted shortly thereafter. Apparently, the United States Marshal who attempted to serve process was informed that Dr. Zein no longer worked at that facility. No further activity occurred in this case until March, 2006. At that time, the court examined the docket and realized that the case had become stale; therefore, an Order

was entered requiring the attorneys for MDOC either to provide the court with Dr. Zein's current address or to file an Answer on his behalf.

MDOC did neither, but, on March 24, 2006, its attorney sent a letter to the court, stating, "Since MDOC doesn't represent Correctional Medical Services, I am taking the liberty of forwarding the Complaint and Order to Dr. Clayton Ramsue, Correctional Medical Services, 410 George Street, Suite 101 . . . for his information as well as the attorneys representing CMS.  Since Dr. Zein was not employed by the MDOC, we do not have a forwarding address to lend."  Neither Dr. Ramsue nor Correctional Medical Services contacted the court with an address where Dr. Zein could be served. On April 26, 2006, the Plaintiff died.

Despite being unavailable for service of process, Dr. Zein has now appeared through counsel to request dismissal of this action.  A review of the court's docket shows that Dr. Zein has been named as a defendant in numerous prisoner lawsuits, and in several of the most recent cases, process has been returned as unexecuted.  All of those cases involved other defendants.  In some of those cases, counsel for other defendants undertook to represent Dr. Zein; in others, his absence was not critical to the ultimate dismissal of the action.  In at least one pending action, however, Dr. Zein is a named defendant, but has not been served with process, and his co-defendant has moved for dismissal on grounds that she was not the provider of medical care.  *Cox v. Irby, et al.*; Civil Action No. 3:04CV156WS.

Earl Mitchell never had an opportunity to present his claims to the court because Dr. Zein could not be found to accept process.  In the case cited above, the Plaintiff may not prevail for the same reason.  It is disturbing, therefore, to discover that Dr. Zein can "appear" after the death of a prisoner to urge the dismissal of his case.  As stated earlier, this case will be held open for a period

of ninety days, after which the court will likely have no alternative but to dismiss.  However, to prevent the recurrence of this situation, the court will order Dr. Zein to provide an address where he can be served with process.

    IT IS, THEREFORE, ORDERED, as follows:

1.    This matter will be held open until January 2, 2006.  If no motion for substitution is made by that date, this matter will be dismissed.

2.    Dr. Zein shall provide the court, on or before October 20, 2006, with an address where he may be served with process.

IT IS SO ORDERED, this the 5th day of October, 2006.

                                S/James C. Sumner
                            UNITED STATES MAGISTRATE JUDGE